IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DANNY RAY SIGMON                                                    PLAINTIFF

V.                                      NO. 11-5020

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                 DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Danny Ray Sigmon, brings this action pursuant to 42 U.S.C. §405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claim for supplemental security income (SSI) benefits under the

provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  See 42 U.S.C. §405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current application for SSI on June 11, 2007, alleging an

inability to work since June 7, 2007, due to a broken back and broken leg.  (Tr. 31, 98).  An

administrative hearing was held on June 22, 2009, at which Plaintiff appeared with counsel and

testified.  (Tr. 7-25).

By written decision dated December 18, 2009, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe - back

problems.  (Tr. 33).  However, after reviewing all of the evidence presented, the ALJ determined

that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed

-1-

in the Listing of Impairments found in Appendix I, Subpart P. Regulation No. 4. (Tr. 33). The

ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work,

except:

> the claimant can occasionally lift and carry 10 pounds and frequently lift and carry less
> than 10 pounds; the claimant can sit for 6 hours out of an 8 hour workday and can stand
> and walk for 2 hours out of an 8 hour workday; and the claimant can occasionally climb,
> balance, crawl, kneel, crouch, and stoop.

(Tr. 33). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform

work as a production worker (assembly circuit board; final bench assembly); machine tender

(zipper machine operator; convex-grinder operator) and hand packer. (Tr. 37).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which

denied that request on November 22, 2010. (Tr. 1-3). Subsequently, Plaintiff filed this action.

(Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).

Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11,12).

The Court has reviewed the entire transcript. The complete set of facts and arguments

are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.

3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports

AO72A
(Rev. 8/82)

the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final

-3-

stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff contends that the ALJ:  posed a faulty hypothetical to the VE because the RFC was not properly formed;  failed to properly develop the record;  ignored Plaintiff's surgeon's prognosis;  and had prepared his hypothetical questions before the hearing had begun.  (Doc. 11).

**A.      The ALJ's RFC determination:**

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining physicians, Plaintiff's subjective complaints, and his medical records when the ALJ

-4-

determined Plaintiff could perform work at the sedentary level with some limitations.

With respect to Plaintiff's left ankle, on June 12, 2007, Dr. Christopher A. Arnold examined it, noted the left ankle fracture and that his left lower extremity was immobilized in a posterior splint, and recommended treating it non-operatively. (Tr. 207). Each time thereafter that Plaintiff followed up with Dr. Arnold (June 21, 2007, July 2, 2007, July 19, 2007, and September 18, 2007), he reported that Plaintiff was doing well. (Tr. 201-204). On September 18, 2007, Dr. Arnold reported that he wanted to get Plaintiff "out of the boot and do some range of motion exercises and strengthening exercises, and that Plaintiff should not do any impact activities." (Tr. 201). He also recommended that Plaintiff continue with a "sit-down job from my standpoint...." (Tr. 201). He provided a certificate of release for return to work or school, indicating "Sit down job only until next evaluation." (Tr. 202).

With respect to Plaintiff's broken back, the record reveals that on June 7, 2007, while laying bricks, Plaintiff fell 25 - 30 feet from a scaffold. (Tr. 182-183, 187). He was admitted to the Northwest Medical Center of West Arkansas on July 23, 2007, and Dr. J. Michael Standefer performed an:

> anterolateral retroperitoneal exposure of first, second and third lumbar vertebrae (left side); L2 vertebral body resection (subtotal) with removal of impacted retropulsed bone and spinal canal; thorough and complete decompression of the dural tube including L2 roots, bilaterally; L1-2 and L2-3 diskectomy; insertion of Vertestack (40 mm) synthetic fusion construct spanning L1 through L3 and supplemented with autologous bone, crushed cancellous bone from the bone bank, autologuous bone marrow and Osteofil material; and application of Vantage bicorical 8 x 40 mm vertebral body screws in concert with 70 mm Vantage plate.

(Tr. 169).

On July 27, 2007, Dr. Jerry S. Dorman and Dr. Michael Standefer performed a

-5-

"Corpectomy, L2 vertebral body, with anterior interbody lumbar fusion." (Tr. 166).  On August 3, 2007, Plaintiff was discharged from Northwest Medical Center, the discharge summary indicated that Plaintiff became fully ambulatory, and was discharged in stable and improved condition.  (Tr. 152).

On October 17, 2007, non-examining physician Dr. Jerry Thomas completed a Physical RFC Assessment, and found that Plaintiff could occasionally lift and/or carry (including upward pulling) 20 pounds; frequently lift and/or carry (including upward pulling) 10 pounds; stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday; sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; and push and/or pull (including operation of hand and/or foot controls) unlimited, other than as shown for lift and/or carry.  (Tr. 213).   Dr. Thomas found that no postural, manipulative, visual, communicative, or environmental limitations were established.  (Tr. 214-216).

The ALJ gave great weight to Dr. Arnold, Plaintiff's treating orthopedic specialist, regarding his opinion that Plaintiff was able to do sedentary work.  (Tr. 35).  He also gave weight to the State medical experts, except he concluded that Plaintiff could perform only sedentary work rather than light work, as indicated by Dr. Thomas.  (Tr. 35).

In his Disability Report - Appeal, Plaintiff indicated that he saw Dr. Standefer on July 31, 2008, and that Dr. Standefer told Plaintiff disability was his best option when Plaintiff asked him about working.  (Tr. 134).  However, no such visit appears in the record.  At the hearing, the ALJ advised Plaintiff's counsel that he would leave the record open for Plaintiff to provide additional records.  (Tr. 13).  However, no such records were presented to the ALJ.  Although Plaintiff indicates in his August 15, 2007 Function Report-Adult that he used a walker and

AO72A
(Rev. 8/82)

brace/splint (Tr. 113), there is nothing in the record to indicate that this was recommended by a physician.  In fact, as stated earlier, after his back surgery,  the discharge summary indicated that Plaintiff became fully ambulatory and discharged in stable and improved condition.  (Tr. 152).

Plaintiff's capacity to perform sedentary work with limitations is supported by the fact that the medical evidence does not indicate that plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined.  See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999)(lack of physician-imposed restrictions militate against a finding of total disability).  The ALJ's RFC determination is also supported by the findings of the non-examining medical consultant, who opined that Plaintiff could perform light work.  (Tr. 212-219).  Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

**B.      Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole.  Id.  As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide."  Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.

-7-

2003).

After reviewing the administrative record, it is clear that the ALJ properly evaluated Plaintiff's subjective complaints.  Plaintiff contends that his impairments were disabling. However, the evidence of record does not support this conclusion.

With respect to Plaintiff's daily activities, although Plaintiff reports that he is in constant pain, he is able to shower and do simple cooking and cleaning. (Tr. 131).  At the hearing, Plaintiff testified that he walked a quarter of a mile once and sometimes twice a day. (Tr. 18). He also testified that he swept and did the dishes. (Tr. 19).  He testified that his pain was worse in the spring, and that he lived alone in a trailer. (Tr. 20-21).  The non-examining physician, Dr. Thomas, found that no postural, manipulative, visual, communicative, or environmental limitations were established. (Tr. 214-216).  Dr. Arnold found Plaintiff could perform sedentary work. (Tr. 201-202).  These opinions, coupled with the ability of Plaintiff to take care of his own household needs and the fact that Plaintiff takes daily walks, are activities that suggest Plaintiff could also perform the relatively modest requirements of sedentary work on a sustained basis. (Tr. 21). McGeorge v. Barnhart, 321 F.3d 766, 768 (8th Cir. 2003)(the ability to perform many of the activities associated with daily life weighs against claim of disabling impairment).

Plaintiff contends that he was unable to afford follow-up medical care.  However, three is no evidence Plaintiff sought low-cost medical treatment from his doctors or from other clinics or hospitals and was turned down or denied treatment. Murphy v. Sullivan, 953 F.2d 383, 386-387 (8th Cir. 1992).  Plaintiff's failure to seek follow-up treatment weighs against his claim of disabling pain and limitation.  The record fails to support plaintiff's claims of extreme limitation or disability. Dunahoo v. Apfel, 241 F.3d 1033, 1037 (8th Cir. 2001); Davis v. Apfel, 239 F.3d

-8-

962, 966-967 (8ᵗʰ Cir. 2001).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity.  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C.   Fully Developing the Record:**

The ALJ has a duty to fully and fairly develop the record.  See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995);  Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000).  This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary.  See 20 C.F.R. § 404.1512.  The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case.  Vossen v. Astrue, 612 F.3d 1011, 1016 (8ᵗʰ Cir. 2010).  However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record.  See Shannon v. Chater, 54 F.3d 484, 488 (8ᵗʰ Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

Plaintiff contends that the ALJ improperly failed to request evidence from Dr. Standefer, who Plaintiff says endorsed his disability status.  Plaintiff provided third-hand claims stating that Dr. Standefer told Plaintiff he should seek disability.  (Tr. 134).  As stated above, at the hearing, the ALJ allowed Plaintiff's counsel the opportunity to submit additional evidence, stating that he would hold open the record open.  (Tr. 13).  However, Plaintiff's counsel never submitted any such evidence to the ALJ or to the Appeals Council.  The Court can only conclude that such evidence does not exist.  In addition, Plaintiff argues that Dr. Standefer gave a negative

-9-

prognosis.  However, the Discharge Summary dated August 3, 2007, indicates that Plaintiff became fully ambulatory and was discharged in stable and improved condition, and there are no follow-up records indicating that Plaintiff saw Dr. Standefer thereafter.  The ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record, and given the multiple opportunities Plaintiff's counsel was given to supplement either the hearing record or the record on appeal, the Court finds that Plaintiff cannot now complain that the ALJ failed to develop the record.  The Court believes the ALJ had sufficient evidence in the record to decide the case without further development.  Haley v. Massanari, 258 F.3d 742, 748 (8th Cir. 2001).

       **D.**       **Hypothetical Question to VE:**

     After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).

     In the present case, the ALJ submitted written interrogatories to the VE, who completed the interrogatories, and also had the VE present at the hearing.  (Tr. 22-23).  The ALJ permitted Plaintiff's counsel to examine the VE as long as she wished, and she did elicit testimony from the VE.  (Tr. 22-23).  Plaintiff argues that one of the jobs given by the VE, hand packing jobs, was a medium level job under the DOT (Dictionary of Occupational Titles).  However, the VE wrote that "U.S. Publishing reports these as sedentary" rather than medium, as provided for in the DOT.  (Tr. 148).  Consequently, the VE provided evidence explaining the discrepancy with the DOT.  That evidence is sufficient to justify the ALJ's reliance on the VE despite its conflict

-10-

with the DOT.  <u>Montgomery v. Chater</u>, 69 F.3d 273, 276 (8th Cir. 1995).

**IV.     Conclusion:**

     Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that Plaintiff's Complaint should be dismissed with prejudice.

     DATED this 24th day of May, 2012.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-11-